UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: 1:06-mj 70258 (NJV) |
| Plaintiff, | ) | [~~PROPOSED~~] |
| v. | ) | **ORDER OF DETENTION** |
| | ) | **AS TO DEFENDANT JESSE JAMES** |
| | ) | **GREEN** |
| WILLIAM MULLIGAN, et al., | ) | |
| Defendants. | ) | |

This matter came before the Court on April 26, 2006 for a detention hearing. Defendant Jesse James Green was present and represented by Lawrence Killoran. Assistant United States Attorney Tracie L. Brown appeared by telephone for the United States.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services, Allen Lew, appeared by telephone at the hearing. The government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a

[PROP.] DETENTION ORDER: GREEN
1:06-mj 70258 (NJV)

preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted.  These factors are:

    (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

    (2)  the weight of the evidence against the person (§ 3142(g)(2));

    (3)  the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of possession of stolen firearms, 18 U.S.C. § 922(j), involving the theft of over fifty guns from a sporting goods store in Rio Dell, California.  The Court takes notice of the affidavit in support of the complaint which outlines the underlying facts of the present charge.  According to the affidavit, the Defendant was one of several individuals who broke into the sporting goods store and ultimately stole more than fifty guns and other dangerous weapons, and was in the process of selling those guns when arrested.

When officers attempted to arrest him, the Defendant initially had two guns, and fled on foot with one loaded weapon in his waistband.  He reached for the gun at his waistband as he was being pursued by the  Police, and dropped the gun when he tripped.  In addition, both of

| | |
|---|---|
| 1 | the weapons were part of the cache of weapons taken in this case. |
| 2 |     The second factor, the weight of the evidence, is considered the least important.  The Bail |
| 3 | Reform Act neither requires nor permits a pretrial determination of guilt.  *United States v. Gebro*, |
| 4 | 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the evidence appears quite |
| 5 | strong here in light of the Defendant's post-arrest confession, and is relevant "in terms of the |
| 6 | likelihood that the person will fail to appear or will pose a danger to the community."  *United* |
| 7 | *States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).  The Court also notes that the maximum |
| 8 | sentence in this case – 10 years – is far longer than any sentence the Defendant has served on his |
| 9 | prior convictions. |
| 10 |     The Court further finds that the third factor, the history and characteristics of the |
| 11 | defendant, and the fourth factor, the nature and seriousness of danger to the community, militate |
| 12 | in favor of detention.  The Pretrial Services officer confirms that the Defendant has suffered two |
| 13 | felony convictions, two probation revocations, and an outstanding warrant for his arrest.  In |
| 14 | addition, the Pretrial Services report noted that the Defendant had most recently smoked |
| 15 | marijuana on April 15, 2006, which, as the government pointed out, is the same day that he |
| 16 | loaded two stolen guns prior to the attempted gun sale/trade transaction.  The government's |
| 17 | proffer included these facts – the recent combination of drugs and loaded weapons – as evidence |
| 18 | of the Defendant's potential danger to the community. |
| 19 |     Accordingly, the Court finds by clear and convincing evidence that no condition or |
| 20 | combination of conditions of release will reasonably assure the safety of the community, and |
| 21 | finds by a preponderance of the evidence that no condition or combination of conditions of |
| 22 | release will reasonably assure the appearance of the Defendant as required. |
| 23 |     Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT: |
| 24 |     (1) the defendant be, and hereby is, committed to the custody of the Attorney |
| 25 |     General for confinement in a corrections facility separate, to the extent |
| 26 |     practicable, from persons awaiting or serving sentences or being held in custody |

pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

(3) the defendant not communicate, directly or indirectly, by any means of communication, with any other defendant or the two informants named in the complaint; and

(4) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: 5/3/06

THE HON. NANDOR J. VADAS
United States Magistrate Judge

[PROP.] DETENTION ORDER: GREEN
1:06-mj 70258 (NJV)                    4